UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:21-CR-43-REW-HAI-5 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION[1] |
| ) | |
| TEDDY RAY HEDRICK III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 6, 2021, counsel for Defendant Teddy Ray Hedrick III moved for a pretrial competency examination. D.E. 53. The motion explains:

> Mr. Hedrick suffered a traumatic brain injury at the age of seventeen. As a result, Mr. Hedrick's cognitive functioning as been negatively affected. Mr. Hedrick underwent multiple brain surgeries, had part of his skull removed, suffers from seizures and partial paralysis. Moreover, Mr. Hedrick suffers from memory loss as a result of his brain injury. These injuries impair Mr. Hedrick's faculties and prevent him from being able to effectively and properly communicate during the preparation of his defense.
>
> Mr. Hedrick typically contacts the undersigned's office multiple times per week to ask when he will be getting out, if he can get a bond, or if he can go to a rehabilitation facility. And while many defendants often make the same inquiries, Mr. Hedrick does not seem to recall that we have had the same conversations since his detention hearing. The undersigned attributes this to Mr. Hedrick's brain injury and memory loss. Moreover, the undersigned has concerns that Mr. Hedrick still does not understand the nature and consequences of the federal court proceedings. The undersigned is finding it extremely difficult to communicate with the defendant and properly prepare for his defense.

*Id*. at 1-2.

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

The Court held an in-person hearing on the motion on October 18. D.E. 68. The government had no objection to the examination. D.E. 69. Defendant was ordered to undergo a competency examination at the Federal Medical Center in Fort Worth, Texas. D.E. 71.

On February 18, 2022, the Court and parties received the very thorough 25-page Psychological Evaluation ("the Report") from forensic psychologist Leticia Armstrong, Psy.D., L.P. D.E. 102. The Court then conducted an in-person competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d), on March 1, 2022. D.E. 105.

In the Report, Dr. Armstrong opines that Defendant is competent to proceed. D.E. 102 at 24. At the final hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator. They stipulated to Dr. Armstrong's qualifications as an expert forensic psychologist.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets

the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Armstrong. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Armstrong directly observed Defendant via interviews and subjected him to a battery of psychological testing. D.E. 102. Dr. Armstrong also had the benefit of extensive medical records provided by defense counsel. And Dr. Armstrong reviewed recorded phone calls Defendant made while at FMC Fort Worth. *Id*.

In light of his medical records, the Report confirms that Defendant suffered a traumatic brain injury ("TBI") at age 17. D.E. 102 at 2-3, 5. He was hospitalized for up to nine weeks and had multiple surgeries. He suffered a stroke that weakened the left side of his body, and he has experienced seizures and depression since the injury. *Id*. at 5-6. Defendant has used drugs extensively since he was a teenager. *Id*. at 3-5. Defendant suffered gunshot wounds in 2016 and

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

3

2019, one of which resulted in serious bowel issues. *Id*. at 6.

Defendant also had a previous state-court competency examination in 2017. D.E. 102 at 7. Apparently, Defendant "woke up in a rage" one day after an accidental overdose. He barricaded himself after threatening to harm his mother, his grandmother, and himself. He was charged with wanton endangerment and assault. *Id*. During that evaluation, Defendant "exhibited slowed speech and motor deficits but no signs of mental illness or cognitive deficits." *Id*. at 8. His only mental-health diagnoses were "Opioid Use Disorder, Benzodiazepine Use Disorder, and Cannabis Use Disorder." *Id*. The state competency report concluded that Defendant "had an adequate level of factual and rational understanding of the courtroom proceedings and adequate ability to consult with counsel." And the report found "no evidence or basis that would support an insanity defense or plea of guilty but mentally ill." *Id*.

At FMC Fort Worth, Defendant did not exhibit signs of seizure activity. D.E. 102 at 9. Although he at times "displayed some mild difficulty with impulse control in regard to his decision making process," overall he "demonstrated good control over his behavior." *Id*. Defendant incurred debts with other inmates through gambling and/or drugs, and he was placed in Special Housing. *Id*.

The evaluator found:

> Overall, Mr. Hedrick's cognitive functioning appeared intact. His thought processes appeared logical, on topic, and goal oriented. His abstract thinking appeared intact . . . . He demonstrated good attention and concentration during tasks and lengthy interviews. . . . [Although some tests suggested] possible difficulty with short term auditory attention and/or working memory[, Defendant's] immediate, recent, and remote memory appeared intact.

D.E. 102 at 10. The Report contains the following diagnoses under the DSM-5:

- Mild Neurocognitive Disorder due to Traumatic Brain Injury

- Severe Cannabis Use Disorder, in a controlled environment

4

- Severe Opioid Use Disorder, in a controlled environment

- Severe Benzodiazepine Use Disorder, in a controlled environment

- Severe Methamphetamine Use Disorder, in a controlled environment

*Id.* at 17. Concerning Defendant's mild neurocognitive disorder ("NCD"), the Report explains that

> Mr. Hedrick displays modest decline from previous levels of performance in the following cognitive domains: learning and memory, perceptual-motor, social cognition, and language, based on his self-reported concerns, concerns of knowledgeable informants, and concerns of the undersigned evaluators, as well as standardized neuropsychological testing and structured interviews during the present evaluation.

*Id.* at 20. However, "the aforementioned deficits do not interfere with Mr. Hedrick's capacity for independence in everyday activities." *Id.*

Given these findings, the Report concludes:

> there is no objective information available to suggest that Mr. Hedrick suffers from a mental disease or defect that would significantly interfere with his rational or factual understanding of the charges and proceedings against him, or his ability to assist counsel in his defense. He displayed no influence of psychosis as it related to his decision-making throughout the present evaluation or during the legally-focused interview. While he exhibits mild neurological deficits post TBI, it appears to primarily effect his gross and fine motor skills and cognitive processing speed. His NCD symptoms do not appear to interfere with his rational or factual understanding of the charges and proceedings against him, or his ability to assist counsel in his defense.
>
> Mr. Hedrick may benefit by having more complex topics broken down into digestible chunks (i.e., breaking up long string of new information to help process and recall) and simplified terms, with prompting to ensure he has registered the information (e.g., ask him to repeat what he heard), and repetition if necessary in order to assist him with comprehending novel and/or complex information. It appears from testing that ongoing repetition of novel and complex information over time allows for increased retention of the information for Mr. Hedrick. The same wording should be utilized when repeating information to Mr. Hedrick. Encouraging him to take notes could further enhance his understanding and memory storage of more complex information. It may also be beneficial to allow and encourage Mr. Hedrick to take time to consider all available information, prior to making an informed decision based on available options, given the pressure of

> time appears to negatively impact his abstract thinking and reasoning skills, at which time he appears more impulsive.

D.E. 102 at 24.

At the final hearing, defense counsel had no evidence to contradict the report. She said the report was consistent with her interactions with Defendant since his return to this District. Defense counsel drew attention to the recommendations for assisting Defendant, quoted above.

In the Report, Dr. Armstrong accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. D.E. 102 at 24. The Report unambiguously supports a finding that both prongs of the *Dusky* competency test are met in this case, and its conclusions are unrebutted. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings and understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. As discussed at the final hearing, any objection must be filed within **THREE DAYS** after entry. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of the objections period, this matter will be referred to Judge Wier for his consideration.

This the 1st day of March, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge