UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:21-CR-43-REW-HAI-5 |
| v. | ) | |
| | ) | |
| TEDDY RAY HEDRICK, III, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The Court must consider the Recommended Disposition (DE 106) of United States Magistrate Judge Hanly A. Ingram, addressing whether Defendant Teddy Ray Hedrick, III, is competent to stand trial under 18 U.S.C. § 4241. *See* DE 53 (Defendant's Motion); DE 106 (Recommended Disposition). In October of 2021, Defendant moved for an examination of his trial competency and to explore whether he has any mental conditions that might be legally relevant to his charges or potential defenses. *See* DE 53; *see also* Fed. R. Crim. P. 12.2. Judge Ingram conducted a hearing, *see* DE 68 (Minute Entry), and granted the motion. *See* DE 69 (Order). Dr. Leticia Armstrong, Psy.D., a BOP forensic psychologist, evaluated Defendant. *See* DE 102 (Sealed Psychiatric Report). Dr. Armstrong concluded that Defendant is competent to stand trial. Id. at 24.

After Dr. Armstrong's report was filed and made available to the Parties, Judge Ingram conducted a competency hearing. *See* DE 105 (Minute Entry). Upon completing that hearing, Judge Ingram recommended that the Court find Hedrick competent to proceed, based on Dr. Armstrong's psychiatric evaluation and Defendant's and his counsel's representations at the hearing. *See* DE 106 (Recommended Disposition). The recommendation, filed on March 1, 2022, advised the Parties that any objections must be filed within three (3) days of its entry. *Id.* at 6. This

1

period has lapsed, and neither party has objected. Judge Ingram correctly stated the standard and questions presented, and he followed the proper procedures under § 4241.

This Court reviews *de novo* those portions of the Recommended Disposition to which a party objects. 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate[ judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the Parties do not object to the magistrate judge's recommendation, they forfeit any right to review. *See* Fed. R. Crim. P. 59 (limiting *de novo* review to "any objection" filed); *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court has assessed the full record and Judge Ingram's thorough recommendation. His recommendation relies significantly on Dr. Armstrong's report, the lone competency proof in the record. *See* DE 106. That detailed report applied the *Dusky* and statutory standard faithfully, finding "no objective information available to suggest Mr. Hedrick suffers from a mental disease or defect that would significantly interfere with his rational or factual understanding of the charges and proceedings against him, or his ability to assist counsel in his defense." DE 102 at 24. The expert grounded her findings in a battery of recognized tests, personal interviews with Defendant, Defendant's history, collateral medical records, and independent staff observations. *See id.* at 2 (describing the evaluation procedures); *see also id.* at 2-11 (analyzing Defendant's behavior and history).

Ultimately, Dr. Armstrong determined that Hedrick met the criteria[1] for "Mild Neurocognitive Disorder due to Traumatic Brain Injury," "Severe Cannabis Use Disorder, in a controlled environment," "Severe Opioid Use Disorder, in a controlled environment," "Severe Benzodiazepine Use Disorder, in a controlled environment," and "Severe Methamphetamine Use Disorder, in a controlled environment." *Id.* at 17. Dr. Armstrong chronicled the various elements needed for these diagnoses and the medical and other substantive evidence to support each element. *See id.* at 17-24. Hedrick displayed a "modest decline" in multiple cognitive areas.[2] *Id.* at 20. Further, although the declines "appear to be persistent," they "have not worsened over the course of his chronic phase post-injury." *Id.* at 21. Nevertheless, Hedrick "m[et] criteria for *Mild Neurocognitive Disorder due to Traumatic Brain Injury, without behavioral disturbance*." *Id.* (italics in original).

Further, Dr. Armstrong determined that Hedrick met the criteria for the other drug-based disorders based on his extensive history abusing those illicit substances, omnipresent desire to obtain these substances, and pervasive negative effects of his fixation on these drugs—including interpersonal problems, diminished independence, and withdrawal symptoms upon arresting his use. *See id.* at 21-22. Also, although Dr. Armstrong evaluated Hedrick for depressive disorder, she did not so diagnose because he "denied experiencing concurrent mood related symptoms and often retracted and denied reported suicidal ideation." *Id.* at 22.

Focusing on Hedrick's competency, Dr. Armstrong noted Hedrick's scores placed him above the competency threshold for those with diagnosed mental retardation and "significantly

---

[1] Dr. Armstrong based her diagnoses on the "criteria in the *Diagnostic And Statistical Manual of Mental Disorders-Fifth Edition (DSM-5).*" *See* DE 102 at 17.
[2] Namely, Hedrick demonstrated modest declines in the areas of "learning and memory, perceptual-motor, social cognition, and language[.]" *See* DE 102 at 20.

3

above the average range of those with a diagnosis of mental retardation found incompetent to stand trial." *Id.* at 24. Further, Hedrick recalled memories arising from his arrest consistent with collateral records. *See id.* His objective testing results fortified the competency determination.

Armed with all of these observations and diagnoses, Dr. Armstrong found that "there is no objective information available to suggest that Mr. Hedrick suffers from a mental disease or defect that would significantly interfere with his rational or factual understanding of the charges and proceedings against him, or his ability to assist counsel in his defense." *Id.* at 24. Dr. Armstrong recognized, however, that Hedrick could benefit from certain procedural accommodations—such as "having more complex topics broken down into digestible chunks," "simplified terms," and "encouraging [Hedrick] to take notes [to] enhance his understanding and memory." *Id.*

Magistrate Judge Ingram conducted a hearing on the issue of competency in light of Dr. Armstrong's report. *See* DE 105 (minute entry). Both counsel stipulated to the report and Dr. Armstrong's qualifications. *See id.* The record contained no information contrary to the Report and its conclusions.

Based on the evidence in the record, the Court finds defendant Hedrick competent to face further proceedings, under 18 U.S.C § 4241(a). The lone supported conclusion under the statute is competency. Judge Ingram recommended this conclusion, without objection.

Accordingly, the Court **ADOPTS** the Recommended Disposition (DE 106) and **FINDS** Hedrick competent to face further proceedings in this matter, including trial.

This the 10th day of March, 2022.



Signed By:
*Robert E. Wier*
**United States District Judge**